[Civil No. 1236.   Filed April 11, 1912.]

[123 Pac. 31.]

## RAMON ESCUDERO, Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellee.

Appeal and Error—Matters Reviewable.—The question of whether the plaintiff had a right to amend his original complaint, and as to the effect of such amendment, if made, was not involved in the appeal from a judgment for the defendant for costs, in an action for injury to animals by a train, where the defendant filed in the

trial court a plea in abatement, denying ownership or interest in the railroad or its operation, and the plaintiff admitted the facts stated in such plea.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Mr. O. Gibson, for Appellant.

Mr. Frank Cox and Mr. Francis M. Hartman, for Appellee.

CUNNINGHAM, J.—This is an action commenced in the lower court by appellant against the appellee, seeking to recover damages for the negligent killing of a cow and a horse belonging to appellant by the appellee in the operation of its trains on its railroad.

To the complaint, the appellee filed its plea in abatement, denying ownership or interest in the railroad and in the operation of the same, and suggested the name of the owner of the railroad and the name of the company operating trains over the railroad at the time of the alleged injury and damage. No issue was joined on the plea in abatement, and appellee had judgment for its costs, from which judgment for costs the plaintiff has appealed.

The record discloses that the appellant concedes the facts set forth by the appellee in its plea in abatement are true, but contends he has the right to amend his original complaint, and that, upon making such amendment, the same shall relate back to the date of the filing of his original complaint.

The matters relating to the proposed amendment are the questions discussed by counsel in their briefs and in their oral arguments, the appellee contending that such amendment would be a substitution of parties, while the appellant contends that such amendment would be the correction of a misnomer; but we think such questions are not involved in this appeal, and they are not decided.

We find no error in the record as presented on this appeal, and consider that the judgment should be affirmed. It is so ordered.

FRANKLIN, C. J., and ROSS, J., concur.